CHARLES EARL McNEELEY AND ROBERT E. JOHNSON, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 4879

December 22, 1965                    409 P.2d 135

[Rehearing denied January 18, 1966]

*Harry A. Busscher,* of Reno, for Appellants.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, *Herbert F. Ahlswede,* Deputy District Attorney, and *Gene Barbagelata,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

On Sunday, July 5, 1964, at approximately 2:55 p.m., responding to a burglar alarm and a telephone call, the

Reno police searched the premises of Menards, a downtown clothing store. That search revealed a door that had been forced open and the appellants hiding within the store. Appellants were arrested, subsequently tried and found guilty of burglary in the second degree. From that conviction, this appeal is brought.

1. Since appellants did not testify during the trial, the court instructed the jury that "In accordance with a right guaranteed by the constitution of the State of Nevada, no person can be compelled, in a criminal action, to be a witness against himself." This charge conforms to the language and with the requirements of Art. 1, Sec. 8, of the Nevada Constitution, and NRS 175.175.[1]

Appellants assert as one ground of error, however, the denial of their request that the jury be further instructed that "In deciding whether or not to testify, the defendants, or either of them, may choose to rely on the state of the evidence and upon the failure, if any, of the state to prove every essential element of the charge against them, and no lack of testimony on the part of either defendant will supply a failure of proof by the state so as to support by itself a finding against the defendants, or either of them, on any such essential element." Bruno v. United States, 308 U.S. 287 (1939), is cited as authority in asserting error of the court.

The Bruno case, supra, is inapplicable to the case presently before this court, for it raised no constitutional issue. A federal statute providing that failure to testify shall not create any presumption against a defendant compelled the requested additional instruction in Bruno. We have no similar statute in Nevada.

The United States Supreme Court has stated: "What the jury may infer given no help from the court is one

---

[1]"No person * * * shall * * * be compelled, in any criminal case, to be a witness against himself * * *." Nev.Const.Art. 1, Sec. 8.

"No instruction shall be given relative to the failure of the person charged with the commission of crime or offense to testify, except, upon the request of the person so charged, the court shall instruct the jury that, in accordance with a right guaranteed by the Constitution, no person can be compelled, in a criminal action, to be a witness against himself." NRS 175.175 (1).

thing. What they may infer when the court solemnizes the silence of the accused into evidence against him is quite another. * * * We reserve decision on whether an accused can require, as in Bruno v. United States, 308 U.S. 287, that the jury be instructed that his silence must be disregarded." Griffin v. California, 380 U.S. 609 (1965). See also Fernandez v. State, 81 Nev. 276, 402 P.2d 38 (1965).

The instruction given was in the constitutional and statutory language and it was proper and adequate.

2. Appellants also assign as error the failure of the trial court to instruct the jury that a "breaking" was a necessary element of the crime of burglary and must be proved. No such requirement is found in the statute defining that crime.[2]

Appellants contend that Smith v. District Court, 75 Nev. 526, 347 P.2d 526 (1959), recognizes that the common-law necessity for a showing of a breaking has been retained although it is not found in NRS 205.060. We find the contrary to be true. The issue in the Smith case, supra, was whether the open portion of a pickup was within the statutory contemplation of a "vehicle." The dictum in that case resulting from a quotation from State v. Petit, 72 P. 1021 (Wash. 1903), we find, does not establish the requirement of a breaking. That quotation served as an illustration on the issue of legislative intent regarding the subject of an unlawful entry; it did not concern itself with the means employed in gaining entry.

The common-law vestige of "breaking" as an element in the crime of burglary was eliminated from Nevada law by the case of State v. Watkins, 11 Nev. 30 (1876), decided under a statute that ostensibly required forcible breaking and entering in burglary. Since that case, the legislature has rewritten the statute omitting any requirement of breaking. We therefore conclude that

---

[2]"Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, bar, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or housetrailer, or railroad car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary." NRS 205.060.

the element of breaking no longer need be shown. The trial court was correct in its refusal of this instruction.

3. Appellants further assign as error the court's refusal to give an instruction charging that mere presence at the scene of the crime does not justify any inferences of participation in the crime or of guilt. They disregard, however, NRS 205.065 creating such an inference.[3]

Statutory establishment of inferences similar to NRS 205.065 have been held by the United States Supreme Court to be constitutionally permissible. United States v. Gainey, 380 U.S. 63 (1965); United States v. Romano, 86 S.Ct. 279 (1965). Thus, no error results from the refusal to give appellants' proposed instruction.

4. Appellants' final specification of error is that the trial court erred in refusing to grant a mistrial after prejudicial remarks were made in the prosecutor's closing argument referring to the defendants' failure to testify.

The alleged prejudicial remarks are as follows: (1) "Is there any evidence that Mr. McNeely did not have these gloves on inside the store? Is there any evidence that Mr. McNeely or Mr. Johnson were not in that store?" (2) "There are the two individuals who were found in there (indicating) and we have no explanation."

We believe the instant case fits squarely within the doctrine announced by this court in Fernandez v. State, supra, and thus the remarks were not prejudicial. And in United States v. Gainey, supra, the United States Supreme Court stated: "Furthermore, in the context of the instructions as a whole, we do not consider that the

---

[3]"Every person who shall unlawfully break and enter or unlawfully enter any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or housetrailer, or railroad car shall be deemed to have broken and entered or entered the same with intent to commit grand or petit larceny or a felony therein, unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent." NRS 205.065.

single phrase, 'unless the defendant by the evidence in the case and by proven facts and circumstances explains such presence to the satisfaction of the jury,' can be fairly understood as a comment on the petitioner's failure to testify."

Affirmed.

THOMPSON and BADT, JJ., concur.