DONALD JAMES SCHNEPP, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5030

June 22, 1966

415 P.2d 619

*David R. Hoy,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *David G. Parraguirre,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

At approximately 9:00 p.m., April 23, 1965, the manager of Jimmy's Motel, Reno, Nevada, observed a man leaving an unoccupied room in the motel carrying a large object. The manager ran to the room and found the television set missing and called the police.

The police dispatcher immediately broadcast the reported burglary, gave the location of the crime, stated that a television set had been taken, and reported that the culprit had left in an automobile. An officer in the immediate vicinity responded. Some two to five minutes after the broadcast, the officer arrived at the scene and observed defendant's automobile approximately one-half block west of the motel moving at a slow speed. This was the only car on the street at the time, had an Oregon license plate tied loosely on by wire, and its occupants were seated crowded against their respective doors. After radioing for assistance, the officer stopped defendant's car. The defendant came running back to the police car, but the officer worked his way up to defendant's car to get a better look at the passenger. When alongside, the officer observed a television set partially covered with a sweater on the front seat. Defendant stated, "I don't know who it belongs to."

Two other officers came to the aid of the officer who stopped the car, and they requested the passenger in defendant's automobile to remove himself from the car. At that time, one of the officers also observed the TV set on the seat.

The defendants were then arrested for first degree burglary. They were subsequently tried and convicted. Appellant Schnepp here appeals his conviction.

1. Prior to the trial appellant moved to suppress as evidence, the TV set, certain tools, and personal clothing and effects, contending there was no probable cause for his arrest, which arrest was made without a warrant. At the hearing the trial court placed the burden of proceeding upon the appellant.

Ordinarily, the burden of showing an illegal search and seizure is on the moving party. Lyles v. State, 330 P.2d 734 (Okla. 1958). However, when a defendant proves that he was arrested without a warrant, he establishes a prima facie case and the burden rests on the state to show proper justification. Badillo v. Superior Court, 46 Cal.2d 269, 294 P.2d 23 (1956); People v. Dewson, 150 Cal.App.2d 119, 310 P.2d 162 (1957); See Beck v. Ohio, 379 U.S. 89 (1964).

Thus, the trial court erred in placing the burden on the defendant when it was that of the prosecution to show probable cause for the arrest. The error was harmless, however, because the defendant, in carrying the responsibility erroneously placed on him, established probable cause himself by examining the arresting officers. No prejudice is shown by appellant, who contends his procedural inability to cross-examine the police officers prevented his impeachment possibilities.[1]

2. Reasonable cause for arrest has been defined as such a state of facts as would lead a man of ordinary care and prudence to believe or entertain an honest and strong suspicion that the person is guilty. People v. Dewson, supra. This includes suspicious conduct of the defendant in the presence of the officers. Willson v. Superior Court, 46 Cal.2d 291, 294 P.2d 36, 38 (1956). The probable cause upon which the police officers testified consisted of the following facts: (1) They had heard the report of the burglary, (2) a television set had been taken, (3) the suspect left in an automobile,

---

[1] Appellant was assisted in examining the officers by the court. Further, appellant made no attempt to establish the policemen as hostile, a possibility that might have given him the right to ask leading questions.

(4) defendant's car was the only car seen by them minutes after the report near the scene of the crime, (5) the car was moving very slowly, (6) the car had an Oregon license plate wired on, (7) the two passengers were crowded against their respective doors, and (8) the car was going away from the scene of the crime. Upon these circumstances the officer stopped the car for a check. When the defendant was stopped, he aroused the officer's suspicion further by running back to the police car. When the officer was able to see into the defendant's car, he observed a television set on the front seat. Since looking through a window does not constitute an unreasonable search the officers were entitled to act upon what they saw and arrest the defendant. People v. Martin, 45 Cal.2d 755, 290 P.2d 855 (1955); Whitley v. State, 79 Nev. 406, 386 P.2d 93 (1963).

3.    Appellant assigns as error the following instruction given by the court:

"Every person who shall unlawfully enter any room shall be deemed to have entered the same with intent to commit a crime therein, unless such unlawful entry shall be explained by testimony satisfactory to a jury to have been made without criminal intent."

Appellant complains that this instruction is a comment by the court on the defendant's refusal to testify.

This instruction is in the same language of NRS 205.065. The statute and instruction given in the language of this statute has been held constitutional. McNeeley v. State, 81 Nev. 663, 409 P.2d 135 (1965).

4.    It is further contended by appellant that Instruction No. 18 also is comment by the court on defendant's failure to testify.[2] As we read it, the instruction refers

[2]Instruction No. 18. "The mere possession of stolen property, however soon after the taking, unexplained by the person having possession, is not sufficient to justify conviction. It is, however, a circumstance to be considered in connection with other evidence in determining the question of innocence or guilt. If you should find from the evidence that a burglary was committed on the premises involved in this case and that thereafter the defendant was found in possession, or claimed to be the owner, of property

to the conduct or comments of the defendant at or before the time of his arrest or even thereafter, but not to testimony in the courtroom. People v. McFarland, 58 Cal.2d 748, 26 Cal.Rptr. 473, 376 P.2d 449 (1962); People v. Russell, 34 Cal.App.2d 665, 94 P.2d 400 (1939); People v. Giffis, 218 Cal.App.2d 53, 32 Cal.Rptr. 215 (1963); see Griffin v. United States, 380 U.S. 609 (1965) and Fernandez v. State, 81 Nev. 276, 402 P.2d 38 (1965).

The court instructed the jury that no person can be compelled to be a witness against himself, and the prosecutor did not misrepresent Instruction No. 18 in his argument to the jury.

Our conclusion on this point is not in conflict with State v. Carter, 82 Nev. 246, 415 P.2d 325 (1966). In that case possession alone could authorize a conviction unless the defendant at trial testified to his acquisition of the property. Carter held unconstitutional the legislative expression that the fact of possession, unexplained by testimony at trial, constituted evidence sufficient to convict. NRS 205.280(2). In this case, the possession of stolen property unexplained at the time of arrest was a circumstance to be considered with other circumstances in determining the question of innocence or guilt by the jury, and the instruction given merely refers to those pretrial statements or conduct of the defendant established by the prosecution. The question is not here

stolen from the burglarized premises, such a fact would be a circumstance tending in some degree to show guilt, although not sufficient, standing alone and unsupported by other evidence, to warrant your finding him guilty. In addition to proof of possession of such property there must be proof of corroborating circumstances tending of themselves to establish guilt. Such corroborating circumstances may consist of the acts, conduct, falsehoods, if any, or other declarations, if any, of the defendant, and any other proved circumstance tending to show the guilt of the accused.

"One who is found in the possession of property that was stolen from burglarized premises is bound to explain such possession in order to remove the effect of that fact as a circumstance, to be considered with all other evidence, pointing to his guilt; and if he gives a false account of how he acquired that possession or, having reasonable opportunity to show that his possession was honestly acquired, he refuses or fails to do so, such conduct is a circumstance that tends to show his guilt."

raised that the defendant refused to explain his possession in the exercise of his constitutional right to remain silent. Here, defendant stated when arrested, "I don't know who it belongs to." The fact of his possession and his failure to reasonably account for such possession were, as the instruction properly set out, circumstances to be considered by the jury in determining guilt.

Affirmed.

THOMPSON and COLLINS, JJ., concur.