ROBERT LEE WHITE, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 5102

June 19, 1967                           429 P.2d 55

*Gary A. Sheerin,* of Carson City, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Gene Barbagelata,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, COMPTON, D. J.:

Appellant and another were convicted by a jury of the crime of burglary, first degree. In a separate hearing, proof of this conviction and of two previous felony convictions prompted the court to adjudge appellant an habitual criminal pursuant to NRS 207.010, and he was sentenced accordingly.

The following five issues are before the court on this appeal:

1. Does NRS 207.010 violate the equal protection clause of the Federal Constitution and the right to trial by jury guaranteed by the Constitution of the State of Nevada?

2. Does NRS 205.065 violate due process of law?

3. Did the trial court commit prejudicial error in refusing to grant appellant's motion for a separate trial?

4. Did the trial court commit prejudicial error in requiring that defendants join in their peremptory challenges of individual jurors?

5. Did the trial court commit error in allowing a pen and

pencil set to be introduced into evidence as state's Exhibit "A"?

We will consider these issues seriatim.

1. Appellant's charge that NRS 207.010[1] violates the Fourteenth Amendment of the United States Constitution which provides for equal protection of the laws is neither novel, nor does it possess merit. The matter has long been settled in the United States Supreme Court that such statutes that increase punishment for habitual offenders are constitutional. In McDonald v. Massachusetts, 180 U.S. 311, 312–313 (1901), that court said:

"* * * Statutes imposing aggravated penalties on one who commits a crime after having already been twice subjected to discipline by imprisonment have long been in force in Massachusetts; and effect was given to previous imprisonment, either in Massachusetts or elsewhere in the United States, by the statute of 1827, c. 118, § 19, and by the Revised Statutes of 1836, c. 133, § 13. It is within the discretion of the legislature of the State to treat former imprisonment in another State, as having the like effect as imprisonment in Massachusetts, to show that the man is an habitual criminal. The allegation of previous convictions is not a distinct charge of crimes, but is

---

[1]"Habitual criminals: Definition; punishment; trial of primary offense.

"1. Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of the situs of the crime or of this state would amount to a felony, or who shall previously have been three times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state prison for not less than 10 years.

\* \* \* \* \*

"4. If a defendant charged under this section is found guilty of, or pleads guilty to, the primary offense, but denies any previous conviction charged, the court shall determine the issue of such previous conviction after hearing all relevant evidence presented on such issue by the prosecution and the defendant. The court shall impose sentence pursuant to subsections 1 and 2 of this section upon finding that the defendant has suffered previous convictions sufficient to support an adjudication of habitual criminality.

"5. Nothing in this section limits the prosecution in introducing evidence of prior convictions for purposes of impeachment.

"6. Presentation of an exemplified copy of a felony conviction shall be prima facie evidence of conviction of a prior felony."

necessary to bring the case within the statute, and goes to the punishment only. The statute, imposing a punishment on none but future crimes, is not *ex post facto*. It affects alike all persons similarly situated, and therefore does not deprive any one of the equal protection of the laws." (Citing cases.)

See also Graham v. West Virginia, 224 U.S. 616 (1912); Spencer v. Texas, 385 U.S. 554 (1967); also 132 A.L.R. 91, 116 A.L.R. 209, 82 A.L.R. 345.

As to appellant's claim that this statute unlawfully deprives him of a trial by jury and is a separate "prosecution," this court has spoken many times. Most recently in Howard v. State, 83 Nev. 53, 422 P.2d 548, 550 (1967), this court said:

"The authorities are in complete agreement that an habitual criminal proceeding does not charge a separate offense, but is held solely to determine facts, which if true, will increase punishment. [Citing cases.] It is not a separate offense to be an habitual criminal, but a status. [Citation] The hearing is procedural, is not a separate crime, and does not increase punishment of the principal offense for which a defendant is on trial. The statute simply allows enlarged punishment for one who cannot be rehabilitated, and who as a recidivist, repeatedly violates the law." A reading of NRS 207.010(6), which makes presentation of an exemplified copy of a felony conviction prima facie evidence of conviction of a prior felony, renders this more evidence. Cf. State v. Morton, 338 S.W.2d 858 (Mo. 1960).

2. Is the presumption contained in NRS 205.065[2] (Instruction No. 7) violative of due process of law as appellant contends? We think not.

Appellant acknowledges that the precise question of constitutionality has been settled by recent cases in this court. See McNeeley v. State, 81 Nev. 663, 409 P.2d 135 (1965) and Schnepp v. State, 82 Nev. 257, 415 P.2d 619 (1966). The issue raised by appellant is nothing more than a plaintive

---

[2]"Presumption of intent. Every person who shall unlawfully break and enter or unlawfully enter any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or housetrailer, or railroad car shall be deemed to have broken and entered or entered the same with intent to commit grand or petit larceny or a felony therein, unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent."

request that the court reconsider its prior holdings. We find no satisfactory argument to warrant the same. We find the same type of presumption in Federal "Dyer Act" cases involving the interstate transportation of stolen motor vehicles. See Garrison v. United States, 353 F.2d 94 (10th Cir. 1965), Travers v. United States, 335 F.2d 698 (D.C.Cir. 1964).

Appellant's plea that the statute and the instruction compel the defendant to be a witness against himself, and thus is unconstitutional, arises out of a misreading and misconception of the statute. The presumption does not in any case become effective until such time as the state has proven to the satisfaction of the jury that the entry was unlawful. It is true that the burden of going forward then shifts to the defendant; however, this does not demand that the defendant himself take the stand. The statute merely provides that the presumption arises *unless testimony* satisfactory to the jury shows lack of criminal intent. Any evidence satisfactory to the jury, whether from the lips of the defendant, or others (or physical evidence), will destroy the presumption. There is clearly rational connection between the fact proven, i.e., unlawful entry, and the presumption. It is clear that the legislature has the power to establish inferences from facts proven, provided there is such rational connection. United States v. Gainey, 380 U.S. 63 (1965). Cf. City of Reno v. District Court, 83 Nev. 201, 427 P.2d 4 (1967).

3. Appellant's position that the trial court committed error in refusing to grant separate trials is not supported by the record. Prior to trial, appellant moved for severance and the same was denied. Appellant did not renew the motion. We find no abuse of discretion in the court's denial of the motion. A careful reading of the record reveals no antagonism that would warrant a finding of prejudice. The statements in appellant's motion were what might be termed anticipatory conclusions. There was no showing that evidence proposed to be introduced as to one would be prejudicial as to the other. See State v. Lewis, 50 Nev. 212, 255 P. 1002 (1927). This court has recently said that the defendants were not entitled to separate trials without a sufficient showing of facts demonstrating that prejudice would result from a joint trial. Anderson v. State, 81 Nev. 477, 406 P.2d 532 (1965). The fact alone that both defendants did not join in any particular motion does not of itself show prejudice.

4. Appellant's charge that the trial court erred in requiring both defendants to join in their peremptory challenges is without merit. NRS 175.015 reads as follows:

"When several defendants are tried together, they cannot sever their challenges, but must join therein." Appellant concedes that the statute has been upheld as being constitutional. Anderson v. State, supra; Doyle v. State, 82 Nev. 242, 415 P.2d 323 (1966). However, he contends that the court has misinterpreted the statute. His is the novel approach that NRS 175.015 merely demands that the defendants join and agree in their challenges and does not affect the number afforded to each. One is faced with the query as to how his approach would change the situation if each had a like number but are required to join in the challenge. It appears to answer itself. The statute is clear and unequivocal, and as this court said in Anderson v. State, supra:

"Peremptory challenges arise from the exercise of a privilege granted by the legislative authority. Our legislature has seen fit to treat several defendants, for this purpose, as one party. If the defendants would avail themselves of this privilege, they must act accordingly. It may be that all defendants may not wish to exercise the right of peremptory challenge as to the same person or persons, and that some may wish to challenge those who are unobjectionable to others. But this situation arises from the exercise of the privilege and does not invalidate the law. The privilege must be taken with the limitations placed upon the manner of its exercise. Stilson v. United States, supra; State v. McLane, supra; 136 A.L.R. 453. And this is still the law. Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965)."

5. Appellant's claim that the court erred in allowing the pen and pencil set in evidence is without merit.

It is clear from the record that the pen and pencil set was in appellant's property envelope and the state's witness testified that White had taken them from the burglarized premises. Their relevance and materiality is unquestioned.

Finding no error the judgment of the trial court is affirmed.

COLLINS and ZENOFF, JJ., concur.