## MARVIN DEAN BOYLE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

### No. 5915

January 22, 1970                                   464 P.2d 493

*James D. Santini,* Public Defender, and *H. Leon Simon,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Richard D. Weisbart,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

After a jury trial appellant Marvin Dean Boyle was convicted of violating NRS 205.065, the crime of burglary.

In the course of his instructions the trial court informed the jury in the language of the statute which states that one who unlawfully enters a building is deemed to have entered with the intent to commit larceny unless such "unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent."[1]

Boyle was caught coming out of a building just past midnight on the morning of September 2, 1968 by two sheriff deputies who were checking the doors of the warehouse on Highland Avenue in Las Vegas. They had discovered that the front window on the door to one of the offices had been smashed and focused their automobile headlights on the door. After summoning help, one of the officers saw Boyle's head peep out from the rear door, look both ways, then start out. He was immediately arrested. The officers found that two offices had been ransacked inside the building; one owned by Alfred E. Lee Landscaping Company for whom Boyle had worked for a short period of time about four months prior to the arrest. The office next to Lee's was also in a state of disarray. Nothing, however, in either office was missing although the cash box normally kept in the secretary's drawer of the landscaping company was on top of the desk. Boyle's excuse was that he had been drinking all day and decided to go into Lee's office for his withholding tax form and to see if any back wages were owed to him. The secretary and Lee testifying for both the

---

[1]NRS 205.065 *Presumption of intent.* Every person who shall unlawfully break and enter or unlawfully enter any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or housetrailer, or railroad car shall be deemed to have broken and entered or entered the same with intent to commit grand or petit larceny or a felony therein, unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent.

prosecution and Boyle stated that Boyle had only once several months before asked for his tax statement on the day he left the employment and that no money was due him.

Boyle concedes the constitutionality of the statutory presumption "unless such unlawful entry shall be explained by testimony satisfactory to the jury." White v. State, 83 Nev. 292, 295, 429 P.2d 55 (1967); Schnepp v. State, 82 Nev. 257, 261, 415 P.2d 619 (1966); McNeeley v. State, 81 Nev. 663, 667, 409 P.2d 135 (1965); cf. United States v. Gainey, 380 U.S. 63, 70 (1965); Johnson v. United States, 255 A.2d 494 (D.C.App. 1969). His contention now is that having denied an intention to steal the presumption has been negated because there is no evidence other than the presumption to prove intent to commit larceny.

To the contrary, the jury is not compelled to accept solely his denial of intent to commit the larceny but rather can perform its duty to evaluate the facts surrounding the incident. State v. Dirienzo, 251 A.2d 99, 109 (N.J. 1969); People v. Michaels, 13 Cal.Rptr. 900, 902 (Cal.App. 1961). Boyle was arrested on the premises where he had not been employed for four months under furtive circumstances such as the broken window for entry, his car parked at the side of the building instead of on the parking lot, the cash box of his former employer on the secretary's desk instead of in it where it was customarily kept, the adjoining office ransacked although it is inconceivable that his tax form would be there where he had never worked, and that these happenings were in the darkness of midnight. Those facts proved were enough to support the presumption that he intended to commit larceny even if he said otherwise. Such a conclusion cannot be said to be "arbitrary" or "irrational" under the cited cases.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.