HARRY EUGENE McGUIRE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5995

April 16, 1970                                    468 P.2d 12

*J. Rayner Kjeldsen,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

A jury found Harry Eugene McGuire guilty of burglary. He seeks reversal of the judgment of conviction upon the grounds set forth infra. We affirm the guilty verdict.

1. *The Facts.*

On January 2, 1969, at about 11 p.m., Police Officer Don Kelly observed McGuire walking on B Street near the Dollar Diner in Sparks, Nevada. McGuire had a sack thrown over his shoulder. His suspicious demeanor prompted the officer to stop him and question him. When Kelly started toward McGuire for that purpose, McGuire "took off" and ran and hid in a nearby large vacant field. Kelly reported by radio to his headquarters and requested assistance. Sergeant Lowe arrived on the scene. Both officers searched the field. Lowe found McGuire crouched down behind a clump of weeds. Kelly found his sack about 75 feet from where McGuire was hiding. The sack contained items of restaurant food and utensils. The two officers then checked the nearby Dollar Diner restaurant. They found the rear door open and glass strewn on the ground under a broken window. They then checked a nearby house trailer. They were informed by the occupant that a "tall man" with a sack thrown over his shoulder had exited the restaurant about 20 minutes earlier via the rear door. McGuire was charged with burglary, was bound over to district court after a preliminary hearing to answer the charge, and was convicted by a jury.

2. *Admissibility of the Evidence.*

The sack and contents were received in evidence. The judge also admitted a pair of gloves and sun glasses which had fallen from McGuire's jacket when he picked himself up out of the weeds. McGuire contends that the evidence was illegally obtained and not admissible, on the ground that the officer did not have sufficient cause to "stop and search" McGuire. The argument misses the point. There was no search or frisking of McGuire's person. The sack and contents were found in the field near where McGuire was hiding. The gloves and glasses fell from his jacket. Nevertheless, the officer had every right to stop McGuire and investigate his behavior. As the court said in People v. Ellsworth, 12 Cal.Rptr. 433, 435 (Cal.App. 1961):

"The courts of this state consistently have adhered to the proposition that a police officer may question a person outdoors at night when the circumstances are such as would indicate to a reasonable man in like position that such a course is necessary to the discharge of his duties. . . ." See also People v. Mickelson, 380 P.2d 658 (Cal. 1963); People v. Nichols, 16 Cal.Rptr. 328 (Cal.App. 1961); Gisske v. Sanders, 98 P. 43 (Cal.App. 1908).

The Supreme Court of the United States ruled in Terry v.

Ohio, 392 U.S. 1, 30 (1968), that where a police officer observes unusual conduct that leads him reasonably to conclude in light of his experience that criminal activity may be afoot, the officer may stop the suspect and, after identifying himself as a police officer, may make reasonable inquiries of him and conduct a carefully limited search of his person. The sack, contents, gloves, and glasses were properly received in evidence in the instant case.

3. *The Preliminary Hearing.*

McGuire complains that the presiding magistrate failed at the preliminary hearing to advise him of his *right to testify.* In his argument, counsel refers to the admonition formerly given by the magistrate under the mandate of NRS 171.410.[1] This statute was repealed effective January 1, 1968, long before McGuire's arrest and hearing. McGuire had counsel throughout the hearing. The magistrate had no duty to advise McGuire of his right to testify, as his present counsel suggests. His rights were in no way violated. Cf. Payne v. Warden, 85 Nev. 648, 461 P.2d 406 (1969).

4. *The Instructions.*

A. Instructions Given. The court gave the jury, among its instructions, Instructions Nos. 14 and 15,[2] each of which

---

[1]NRS 171.410:

"When the examination of the witnesses on the part of the people is closed, the magistrate must distinctly inform the defendant:

"1. That it is his right to make a statement in relation to the charge against him (stating to him the nature thereof).

"2. That the statement is designed to enable him, if he sees fit, to answer the charge, and to explain the facts alleged against him.

"3. That he is at liberty to waive making a statement.

"4. That his waiver cannot be used against him on the trial."

[Repealed effective January 1, 1968.]

[2]Instruction No. 14:

"Every person who shall unlawfully enter any building shall be deemed to have entered the same with intent to commit a crime therein, unless such unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent."

Instruction No. 15:

"The flight of a person immediately after the commission of a crime or after he is accused of a crime that has been committed, is not sufficient in itself to establish his guilt; but is a fact which, *if proved,* may be considered by you in the light of all other proved facts in deciding the question of his guilt or innocence. Whether or not evidence of flight shows a consciousness of guilt and the significance to be attached to such a circumstance are matters for your determination." (Emphasis added.)

appellant asserts constitutes error. Instruction 14 permitted a presumption of criminal intention if the jury found from the evidence that an illegal entry had been made. Such a presumption is permissible. See McNeeley v. State, 81 Nev. 663, 409 P.2d 135 (1965). Instruction 15 provides that the flight, *if proved,* may be considered by the jury with all other facts in deciding the question of guilt. Where there is evidence, as there is in this case, of flight as a deliberate attempt to avoid apprehension, a flight instruction is proper. See People v. Ross, 44 Cal.Rptr. 722 (Cal.App. 1965), Gallegos v. People, 444 P.2d 267 (Colo. 1968), People v. Lobb, 161 N.E.2d 325 (Ill. 1959), State v. Van Auken, 460 P.2d 277 (Wash. 1969). Cf. State v. Rothrock, 45 Nev. 214, 200 P. 525 (1921).

B.  Instructions Not Given.  McGuire complains that the court, *sua sponte,* should have given an instruction covering lesser included offenses, i.e., (1) receiving stolen property and (2) larceny. Instructions regarding other offenses are proper only when there is evidence of such an offense. In this case there was none. We said in Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966), at 188: "[I]f the prosecution has met its burden of proof on the greater offense and there is no evidence at the trial *tending to reduce the greater offense,* an instruction on a lesser included offense may properly be refused." (Emphasis in original.) The record is void of any evidence that would support any theory upon which the jury could have found McGuire guilty of either receiving stolen property or larceny. Indeed, McGuire's testimony was that he found the sack and contents on a bench.

5.  *Prior Felonies.*

McGuire had been convicted of eight prior felonies. He testified upon questions put to him by his attorney regarding each and all of them.[3] McGuire's contention on appeal is that his own testimony constituted error denying him his constitutional right to a fair trial, which contention we reject as wholly meritless. Cf. Cross v. State, 85 Nev. 580, 460 P.2d 151 (1969).

6.  *Sufficiency of the Evidence.*

Finally, McGuire asserts that there is insufficient evidence in

---

[3]McGuire's explanation for fleeing from the officer was that he had a record and was fearful of being held as a vagrant.

the record to support the guilty verdict. NRS 205.060 defines burglary thus: "Every person who enters any . . . building . . . , with intent to commit grand or petit larceny, or any felony, is guilty of burglary." We shall not restate the evidence of the record in this opinion. It would serve no purpose to do so. Suffice it to say that the record contains sufficient facts from which reasonable inferences could be drawn to prove each and every material element of the offense charged. It is the function of the jury and not the reviewing court to weigh the evidence. See Cross v. State, supra; Crowe v. State, 84 Nev. 358, 441 P.2d 90 (1968).

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.