JAMES ARTHUR FRITZ, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 6125

September 8, 1970                474 P.2d 377

[Rehearing denied October 26, 1970]

*Seymour H. Patt,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General; *William J. Raggio,*
District Attorney, and *Kathleen M. Wall,* Deputy District
Attorney, Washoe County, for Respondent.

## OPINION

By the Court, BATJER, J.:

A jury found the appellant guilty of burglary and he was sentenced to a term of six years in prison.

At approximately 5:25 a.m. on the morning of January 16, 1969, a police officer observed an automobile parked on the east side of the Kentucky Fried Chicken building at 880 West Fifth Street in Reno, Nevada. The automobile had its motor running. The officer proceeded to investigate, and saw the appellant inside the building where he appeared to be crawling across the counter towards the cash register. The officer tried the rear door of the building and found it locked. When he had previously checked the doors of the building at approximately 1:00 a.m. they were all locked and secure. At the time the appellant was observed within the building, the night lights were burning and there was no other activity in the area.

Lewis James Brown, manager of the restaurant, testified that he had closed and locked the building the previous night; that the regular business hours for the restaurant were from 11:00 a.m. to 10:00 p.m.; that the appellant had no right or permission to enter the building after it was closed; that the sign light on the building had been turned off; that when he was summoned to the restaurant by the police officers he observed that the lock on the rear door had fresh scratches on it; that a large spoon was out of place on the desk and that the top drawer of the desk was open.

At the close of the State's case the appellant took the stand and admitted being inside the building at the time indicated, but that he was in there looking for employment. He stated that he was not crawling along the counter but was, after discovering that no one was in the building, looking around for job applications to fill out and bring back later. It was upon all of this evidence that the jury found the appellant to be guilty.

The appellant was originally charged by information with burglary, a felony. On January 30, 1969, he waived a preliminary examination and on February 3, 1969, he was brought

before the district court for arraignment where he entered a plea of not guilty. On February 14, 1969, the appellant changed his plea to guilty and a pre-sentence investigation was ordered with sentencing set for March 13, 1969. On March 18, 1969, with permission of the court, the appellant again changed his plea to not guilty. At that time the prosecutor received permission to amend the information and to charge the appellant with being an habitual criminal. Court appointed counsel were allowed to withdraw from the case and the appellant retained private counsel.

After the jury verdict was received, the appellant's motion for a new trial was denied, however, at a special hearing the district court judge, pursuant to NRS 207.010(4) dismissed the habitual criminal charge.

The appellant contends that there is insufficient evidence in the record to support a verdict of guilty of the crime of burglary; that NRS 205.065[1] is unconstitutional because it forced him to testify in violation of his Fifth Amendment rights under the United States Constitution; and that the district court erred in refusing to allow him to offer certain so-called rehabilitation testimony.

It is the function of the jury and not this court to weigh the evidence. McGuire v. State, 86 Nev. 262, 468 P.2d 12 (1970). Furthermore, in Boyle v. State, 86 Nev. 30, 464 P.2d 493 (1970), we said: ". . . [T]he jury is not compelled to accept solely his denial of intent to commit the larceny but rather can perform its duty to evaluate the facts surrounding the incident."

Here the jury had the right to reject the appellant's explanation that he was inside the building "looking for a job," and to conclude that his entry into the establishment was with the intent to commit a felony. We will not disturb this determination by the jury. Crowe v. State, 84 Nev. 358, 441 P.2d 90 (1968).

---

[1]NRS 205.065: "Every person who shall unlawfully break and enter or unlawfully enter any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or house trailer, or railroad car shall be deemed to have broken and entered or entered the same with intent to commit grand or petit larceny or a felony therein, unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent."

In McNeeley v. State, 81 Nev. 663, 409 P.2d 135 (1965), this court specifically found NRS 205.065 to be constitutional. We have approved the holding of that case in several recent cases. Schnepp v. State, 82 Nev. 257, 415 P.2d 619 (1966); White v. State, 83 Nev. 292, 429 P.2d 55 (1967); Boyle v. State, supra; McGuire v. State, supra. Cf. United States v. Gainey, 380 U.S. 63 (1965). The language in White v. State, supra, aptly describes this appellant's position: "The issue raised by appellant is nothing more than a plaintive request that the court reconsider its prior holdings. We find no satisfactory argument to warrant the same."

After the appellant had taken the witness stand he was asked by his own counsel about his prior felony convictions. Prior to this questioning defense counsel had requested the court, out of the presence of the jury, to allow him to question the appellant in order to elicit from him what defense counsel referred to as "rehabilitation testimony" that purportedly would relate to the fact that appellant "was risking a possible life term as an habitual criminal because he chose to go to trial while he had been offered a much lesser sentence in return for a plea of guilty." There was nothing before the jury to indicate that the appellant had ever pled guilty to this charge, and the habitual criminal charge of the information was not filed until after he had pled not guilty and had waived the preliminary examination. The district court ruled on defense counsel's request as follows: "It would seem to me that the prejudicial effect of going into the matter that you request at this point in the trial before the jury would greatly outweigh any attempts to rehabilitate the defendant . . . And perhaps . . . these matters that you are raising now, if they can be substantiated, they can be considered at the hearing on the habitual criminal charges, for whatever weight or value they might have."

The appellant has cited neither statutory nor case law to support his contention. On the other hand NRS 207.010(5)[2] precludes any reference to the habitual criminal charge during the trial of the primary offense. The possible prejudice to the appellant far outweighed the probative value of the proferred testimony. We will not set aside the judgment of a district court

[2]NRS 207.010(5): "In proceedings under this section, each previous conviction shall be alleged in the accusatory pleading charging the primary offense, but no such conviction may be alluded to on trial of the primary offense, nor may any allegation of such conviction be read in the presence of a jury trying such offense."

unless there has been a manifest abuse of discretion. Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965). The district court did not abuse its discretion when it precluded the defense counsel from eliciting the proferred testimony from the appellant.

The assignments of error of the appellant are all without merit. The judgment of the district court is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.