JOHNNIE PAUL DUMLAO, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 6629

August 3, 1972                    499 P.2d 648

*H. Dale Murphy,* Public Defender, and *William H. White-head, III,* Deputy Public Defender, Washoe County, for Appellant.

*Robert List,* Attorney General, of Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Convicted of violating NRS 202.360 by being an ex-felon in possession of a firearm, appellant contends his Fourth Amendment rights were violated by police who stopped the vehicle in which he was a passenger, ordered appellant from the car when it seemed he might be dangerous, arrested him for disorderly conduct when he commenced shouting obscenities, and upon searching him found the loaded gun on which his conviction is predicated.

In Wright v. State, 88 Nev. 460, 499 P.2d 1216 (1972), decided August 1, 1972, this court has extensively discussed the legal issues concerned in investigatory stops of vehicles, protective measures police may take in making such stops, and searches incident to lawful arrests. No useful purpose would be served by reiterating the governing principles again here, in relation to the particular facts of this case. The trial court's order denying appellant's Motion to Suppress appellant's weapon as evidence shows the court understood the issues to be resolved in this case and, on the basis of the record, determined those issues against the appellant.

As the record supports a determination that the State sustained its burden of proving justification for appellant's warrantless arrest and incident search, the judgment of conviction and sentence are affirmed. Schnepp v. State, 82 Nev. 257, 415 P.2d 619 (1966).

ZENOFF, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.