ROY C. BIEDERSTADT and ALLEN L. HURT, Appel–
lants, v. THE STATE OF NEVADA, Respondent.

No. 8073

January 28, 1976                    545 P.2d 202

*William N. Dunseath,* Public Defender, and *Thomas R. Brennan,* Deputy Public Defender, Washoe County, for Appellants.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Conceding guilt of the offenses charged to them, the appellants, nonetheless, seek to have their convictions annulled for reasons which they assert precluded a fair and impartial trial. Their assigned errors possess no merit.

The record simply does not support the contention of the appellant Hurt that the prosecutor offered evidence of Hurt's bad character or prior infractions of the law. Nor did the court err in instructing the jury that one who unlawfully enters a house shall be deemed to have entered with the intent to commit grand larceny. NRS 205.065; Fritz v. State, 86 Nev. 655, 474 P.2d 377 (1970); White v. State, 83 Nev. 292, 429 P.2d 55 (1967). Finally, the prosecutor's statement during summation to the jury, footnoted below,[1] did not amount to a comment upon the failure of Hurt to testify within the intendment of the doctrine of Griffin v. California, 380 U.S. 609 (1965). In Moss v. State, 88 Nev. 19, 492 P.2d 1307 (1972), we noted that the prosecutor's "comments were factually correct and did not refer to the accused specifically. The State's case may be contradicted by witnesses other than the accused if such witnesses exist." The same observation applies with equal force to the comment in this case.

Affirmed.

---

[1]The statement: "Mr. Biederstadt's story as to what happened on the 9th of June, 1974, is unsupported and uncorroborated by any other witness. No other witness testified about what happened on June 9, 1974 for the defense except Mr. Biederstadt. Now, I have indicated to you before, and I again indicate, that the defense has the power of subpoena. They control who testifies, and other witnesses could have come forth. . . ."