## HOWARD FLOYD TUCKER, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 8544

August 31, 1976          553 P.2d 951

*Rodlin Goff,* State Public Defender, and *Don Aimar,* Chief Deputy, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Michael E. Fondi,* Carson City District Attorney, and *Louis R. Doescher,* Deputy, Carson City, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

A jury found Howard Floyd Tucker guilty of the crime of burglary. He was sentenced to 10 years in the Nevada State Prison. Tucker has appealed from his judgment of conviction asserting several assignments of error, which we reject as meritless. We therefore affirm.

1. *The Facts.*

At approximately 2:40 on the morning of August 11, 1974, two officers of the Carson City Sheriff's Department received a call to respond to a silent alarm at a business firm in Carson City. On entering the building, the officers discovered that the candy machine and the coke machine had been pried open. In an outer office they found the top of a floor safe was missing. Upon entry to the manager's office, the officers found Tucker hiding behind a trash can under the manager's desk. Tucker was placed under arrest and his *Miranda*[1] rights read to him. He was taken to the Sheriff's Department, where one of the officers again read to him his rights under *Miranda*. He signed a confession. He was duly arraigned, tried, and convicted of burglary.

2. *The Confession.*

Tucker, on appeal, claims that the trial court erred in permitting the jury to consider his confession because his intoxication at the time infected the voluntariness of the statement he gave and signed. Dr. Leslie Gould testified for the defense and stated that, because Tucker had a blood alcohol level of .20 at the time he signed the confession, Tucker, in Doctor Gould's opinion, was unable to knowingly and rationally sign the confession. Tucker, so the doctor said, stated during his interview that he had a vague memory of the events of the evening in question. However, during the same interview Tucker was able to inform the doctor of the time at which he

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

started drinking, the total number of drinks he had, the bars he had visited, and the number of drinks he had at each bar.

As the Arizona Supreme Court held in State v. Clark, 434 P.2d 636, 639 (Ariz. 1967):

"The general rule with respect to confessions made by a person under the influence of intoxicants can be summarized as follows: proof that the accused was intoxicated at the time he confessed his guilt will not, without more, prevent the admission of his confession. See e.g., Commonwealth v. Chapman, 345 Mass. 251, 186 N.E.2d 818 (1962); People v. Dorman, 28 Cal.2d 846, 172 P.2d 686 (1946); 69 A.L.R.2d 361. However, if it is shown that the accused was intoxicated to such extent that he was unable to understand the meaning of his statements, then the confession is inadmissible. Roper v. People, 116 Colo. 493, 179 P.2d 232 (1947)."

In the instant case, the officers testified that Tucker's speech was not impaired, that he was able to walk in a straight line, that his complexion did not appear flushed, and that he indicated that he knew what he was doing when he signed the confession. Certainly, this was sufficient to permit the confession to be admitted and to be considered by the jury in determining whether the statements were given voluntarily. As the New York Court of Appeals stated in People v. McQueen, 221 N.E.2d 550, 554 (1966):

". . . [T]he jury might apply the ancient maxim *in vino veritas*. The fact that [he] had been drinking bore upon the truth or falsity of [his] statements but was not, in itself, evidence that they were involuntary. . . ." (Emphasis in original.) Tucker's confession was properly admitted.

3. *The Specific Intent.*

Tucker next complains that, because of his "gross intoxication", the trial court erred in not ruling as a matter of law that the requisite element of specific intent necessary to constitute the crime of burglary was absent. NRS 205.060(1).[2]

Whether intoxication is so gross as to preclude a capacity to

2NRS 205.060(1):

"1. Every person who, either by day or night, enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semi-trailer or housetrailer, or railroad car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary."

form a specific intent is normally a fact issue for the jury to resolve. State v. Jukich, 49 Nev. 217, 242 P. 590 (1926); King v. State, 80 Nev. 269, 392 P.2d 310 (1964); Andrade v. State, 87 Nev. 144, 483 P.2d 208 (1971). There is ample evidence to support the finding that Tucker was capable of forming the specific intent required. He gained entry to the outer office by breaking a pane of glass. He managed to find implements necessary to pry open the vending machines. Upon hearing the officers arrive, he secreted himself behind a desk and placed a trash can in front of it so that he would be hidden from view. Additionally, as stated *supra,* the officers testified he walked properly and spoke without slurring his words. The jury was advised that the fact of Tucker's intoxication might be taken into consideration in determining intent. NRS 193.220.[3] We presume the jury did so. Tucker's claim in this regard is without merit.

Finally, Tucker urges that the statutory presumption of intent as set forth in NRS 205.065 is violative of due process.[4] We have previously considered such a contention and have rejected it. Fritz v. State, 86 Nev. 655, 474 P.2d 377 (1970); McGuire v. State, 86 Nev. 262, 468 P.2d 12 (1970); Boyle v. State, 86 Nev. 30, 464 P.2d 493 (1970); White v. State, 83 Nev. 292, 429 P.2d 55 (1967); Schnepp v. State, 82 Nev. 257, 415 P.2d 619 (1966). We are not persuaded that our previous rulings were in error, and we note that a statutory presumption identical to the one at issue was recently held constitutional in State v. Livengood, 540 P.2d 480 (Wash.App. 1975).

4. *The Instructions.*

---

[3]NRS 193.220:
"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such purpose, motive or intent."

[4]NRS 205.065:
"Every person who shall unlawfully break and enter or unlawfully enter any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or housetrailer, or railroad car shall be deemed to have broken and entered or entered the same with intent to commit grand or petit larceny or a felony therein, unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent."

Tucker contends that the trial court erred in instructing the jury on the question of reasonable doubt. The court gave the jury Instruction No. 10, the statutory "reasonable doubt" instruction as set forth in subsection 1 of NRS 175.211.[5] The court also gave Instruction No. 11 to the jury,[6] which Tucker suggests violates subsection 2 of NRS 175.211, *supra*. The trial court was aware of the statutory prohibition against giving any reasonable doubt instruction other than the one set forth in subsection 1 of NRS 175.211, but the court believed Instruction No. 11 was necessary to clarify the reasonable doubt instruction.[7] While we disapprove this practice, because we believe the reasonable doubt statute speaks for itself, this court has previously permitted such additional instructions that merely clarify the statutory instruction. See State v. Hunter, 48 Nev. 358, 366, 232 P. 778, 780 (1925). Here, we do not believe the district court's attempted clarification could have misled the jury concerning its duties in this case.[8]

---

[5] NRS 175.211:

"1. A reasonable doubt is one based on reason. It is not mere possible doubt, but is such a doubt as would govern or control a person in the more weighty affairs of life. If the minds of the jurors, after the entire comparison and consideration of all the evidence, are in such a condition that they can say they feel an abiding conviction of the truth of the charge, there is not a reasonable doubt. Doubt to be reasonable must be actual and substantial, not mere possibility or speculation.

"2. No other definition of reasonable doubt shall be given by the court to juries in criminal actions in this state."

[6] Instruction No. 11:

"The law does not require demonstration or that degree of proof which, excluding all possibility of error, produces absolute certainty, for such degree of proof is rarely possible. Proof beyond a reasonable doubt only is required, which is that degree of proof which produces conviction in an unprejudiced mind."

[7] In overruling Tucker's objection to the giving of Instruction No. 11, the trial court gave the following explanation:

"As to instruction 11 which the Court will give, this instruction, we feel, is not a further definition of reasonable doubt. It does not enlarge upon the statutory definition embraced in instruction number 10, but it does instruct the jury, particularly as to what is not required and reiterates the language of instruction number 10 that the proof required is only that the [sic] degree which produces a conviction in an unprejudiced mind which is the language of the statute. We find no error in giving it."

[8] Tucker also challenges the propriety of instructions numbered 6, 7, 12, 13, and 14 on the ground that the instructions violate the presumption of his innocence until proved guilty. This assertion is utterly meritless. The instructions are mostly statutory—defining "An Information", "Burglary", "Intent", and "A Crime".

## 5. *The Right to Conduct a Pro Se Defense.*

Tucker also contends that his conviction must be reversed because the trial court denied him his Sixth Amendment right to self-representation, citing Faretta v. California, 422 U.S. 806 (1975). Prior to trial, Tucker was represented by Victor Allan Perry, Esq. Shortly before trial began, Mr. Perry notified Tucker that he could not continue his representation. At a pretrial habeas corpus hearing at which Tucker represented himself, he asked the court to dismiss Mr. Perry and appoint new private counsel for him, as he would not accept representation from the state public defender's office. At the conclusion of that hearing, the trial judge remarked that Mr. Perry would have to withdraw from the case in person. Apart from this colloquy, the record reflects that Tucker made no objection to his representation at trial by the public defender's office. Indeed, the record reflects that on September 3, 1975, Tucker, in writing, voluntarily substituted the public defender for his attorney of record, Mr. Perry. Error predicated upon denial of a constitutional right must be established as a demonstrable reality and will not be presumed on appeal. People v. Perez, 510 P.2d 1026 (Cal. 1973). Apart from Tucker's single pretrial objection to representation by the public defender's office, the record shows that he voluntarily accepted representation by the public defender and made no objection to such representation after it commenced. Where a defendant requests a court-appointed attorney and thereafter voluntarily acquiesces in representation by that court-appointed attorney, he waives his constitutional right to conduct a *pro se* defense. United States v. Wolfish, 525 F.2d 457 (2d Cir. 1975); People v. Brown, 124 Cal.Rptr. 130 (Cal.App. 1975). Since the record fails to establish denial of appellant's right of self-representation as a demonstrable reality, this assignment of error must be rejected.[9]

Finding no error, we affirm the judgment below.

GUNDERSON, C. J., and BATJER, ZENOFF, and THOMPSON, JJ., concur.

---

[9]In addition to Tucker's opening and reply briefs filed by his counsel, Tucker received permission from this court to file in proper person a supplemental opening brief, a reply brief, and a motion to supplement appeal, all of which have been duly considered.