BIENVENIDO HIPOLIPO MORATO, Appellant, *v*. THE STATE OF NEVADA, Respondent.

No. 8603

November 10, 1976                              555 P.2d 1228

*Morgan D. Harris,* Public Defender, and *Herbert F. Ahlswede,* Deputy, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

Bienvenido Hipolipo Morato was convicted, by jury verdict, of attempted murder. After being sentenced to a twenty (20) year term in the Nevada State Prison, Morato perfected this appeal contending he is automatically entitled to have his conviction reversed because: (1) his Fifth Amendment rights against self-incrimination were infringed; and (2) the prosecuting attorney knowingly permitted one of the witnesses to commit perjury. In the context presented neither contention has merit.

1. In support of the constitutional challenge Morato complains of a *sua sponte* comment the trial judge made before the jury panel during voir dire. The thrust of the statement was that the accused had the constitutional right not to testify. Morato offers the conclusion that the statement acquired constitutional magnitude because, he argues, it amounted to an unsolicited jury instruction which is specifically proscribed by NRS 175.-181(1).[1]

---

[1] The statute provides, in part: "[n]o instruction shall be given relative

"Error predicated upon denial of a constitutional right must be established as a demonstrable reality and will not be presumed on appeal." Tucker v. State, 92 Nev. 486, 553 P.2d 951 (1976). Other than Morato's conclusory statement there is nothing to suggest error. Accordingly, we need not and, therefore, do not reach the question of whether the trial judge's comment constitutes a violation of the statute.[2]

2. In support of the second contention it is argued that to knowingly elicit and encourage a prosecution witness to give, what Morato concludes to be, perjured testimony, constitutes prosecutorial misconduct which compels reversal.[3]

Defense counsel did not consider the alleged conduct serious enough to provide an objection during trial; therefore, he is precluded from pursuing the issue on appeal. See Bonnenfant v. State, 86 Nev. 393, 396, 469 P.2d 401, 403 (1970), and cases cited therein.

Affirmed.

---

to the failure of the person . . . to testify, except, upon the request of the person so charged, the court shall instruct the jury that, in accordance with a right guaranteed by the constitution, no person can be compelled, in a criminal action, to be a witness against himself."

[2]Even if we assume a violation, in the absence of an allegation—and proof—of prejudice, the error—if any—was harmless. Cf. Schneble v. Florida, 405 U.S. 427 (1972).

[3]Although a discrepancy in the testimony of the witness in question does appear of record, we do not believe it supports appellant's unsupported allegation of prosecutorial misconduct in as much as the discrepancy could well have been the result of the witness's misunderstanding or misinterpretation of questions put to him during cross-examination.