# IN THE SUPREME COURT OF THE STATE OF NEVADA

JESUS MENDOZA-CABEZAS, A/K/A
JESUS MENDOZACABEZAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74981

FILED

MAR 2 8 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of murder with a deadly weapon, driving while under the influence of an intoxicating liquor resulting in death, and leaving the scene of an accident. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant Jesus Mendoza-Cabezas appeals his conviction arguing that there was insufficient evidence to support his conviction for murder with a deadly weapon. Because we conclude that there was sufficient evidence in this case, we affirm the judgment of conviction. The parties are familiar with the facts and we do not recount them here except as necessary for our disposition.

In reviewing a claim that there was *insufficient* evidence to support a conviction, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). "[I]t

*19-13771*

is the jury's function, not that of the [reviewing] court, to assess the weight of the evidence and determine the credibility of witnesses." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). "Moreover, a jury may reasonably rely upon circumstantial evidence," *Wilkins v. State*, 96 Nev. 367, 374, 609 P.2d 309, 313 (1980), which, if substantial, may support a conviction. *Hernandez v. State*, 118 Nev. 513, 531, 50 P.3d 1100, 1112 (2002).

First-degree murder is a "willful, deliberate[,] and premeditated killing." NRS 200.030(1). Mendoza-Cabezas argues that the State presented insufficient evidence to prove that he intended to kill and that this was instead a fatal accident. Regarding willfulness, the eyewitness testimony presented at trial showed that the victim, who had been conversing with Mendoza-Cabezas and appeared to be nervous, began crossing the street "with all her might" to get away from Mendoza-Cabezas. He entered his truck and chased her. Based on road evidence and tire marks, he made a deliberate and controlled U-turn to face the victim before accelerating and hitting her. As to premeditation, the evidence showed that Mendoza-Cabezas did not release the throttle until after he drove through a backyard wall and ended up inside the back of a house. The detective's investigation of the fatal collision revealed that the throttle was fully engaged until it hit the house, which indicated that Mendoza-Cabezas never attempted to brake. The medical examiner investigation revealed that the victim died of multiple blunt force traumas from the impact. Moreover, this argument is undermined by Mendoza-Cabezas' later-volunteered statement to an eyewitness at the scene: "that is my wife and I was mad." On these facts, we conclude there was substantial evidence for a jury to rule out an accident and conclude that Mendoza-Cabezas showed willfulness, deliberation, and premeditation.

The same reasoning leads us to reject Mendoza-Cabezas' claim that the detective had pre-determined that this was a homicide and failed to rule out that it could have been accident. We are unpersuaded by this argument as there were multiple officers on the scene investigating the case and the detective's role was to focus on the road and vehicle evidence at the scene, not to investigate the homicide or rule out an accident.

Next, Mendoza-Cabezas argues that evidence he presented at trial created a reasonable doubt that he was able to control the vehicle and therefore lacked the requisite intent to kill. He argues that he was either too intoxicated to control his vehicle, or that his pre-existing back and leg injuries caused him to step on the gas instead of the brakes. We reject both arguments. First, "[w]hether intoxication is so gross as to preclude a capacity to form a specific intent is normally a fact issue for the jury to resolve." *Tucker v. State*, 92 Nev. 486, 488-89, 553 P.2d 951, 952 (1976). While Mendoza-Cabezas failed his field and breath sobriety tests, he fails to show on appeal that he was so intoxicated that he did not have control of the truck. Instead, the detective's investigation and testimony showed that he had made a slow, deliberate, and controlled U-turn directing the truck towards the victim and fully engaging the throttle to carry her into a backyard wall. He did not disengage the throttle until after he landed in a house. Second, we are unconvinced that his pre-existing condition affected his mobility and ability to control his driving. Eyewitnesses testified that he was able to jump into his truck, walk around the truck, and run away, and he even passed the one-legged balancing test during the field sobriety test. The jury considered and rejected Mendoza-Cabezas' arguments and medical records. We see no error in their determination.

Based on the evidence in the record, and viewing that evidence in the light most favorable to the prosecution, we conclude that there is sufficient evidence from which a rational jury could find Mendoza-Cabezas guilty beyond a reasonable doubt of murder with a deadly weapon. Having considered Mendoza-Cabezas' claims and concluding that they do not warrant reversal, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Eric Johnson, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth Judicial District Court Clerk