BEVERLY ANN PAGE, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 10250

June 28, 1978                                      580 P.2d 477

Morgan D. Harris, Public Defender and R. Michael Gard-
ner, Deputy Public Defender, Clark County, for Appellant.

Robert List, Attorney General, Carson City; George E.
Holt, District Attorney, and H. Leon Simon, Chief Appellate
Deputy, Clark County, for Respondent.

## OPINION

Per Curiam:

Appellant was convicted of burglary, a felony. NRS 205.060.
Following closing arguments, in addition to giving the jury the
statutory instruction on reasonable doubt, the trial judge gave
an instruction in contrast to a statute precluding any other defi-
nition of reasonable doubt than that contained in the statute.[1]
On appeal Appellant asserts this constitutes reversible error.
Here, we find the claim to be without substance.

---

[1]NRS 175.211 provides that:

(1) A reasonable doubt is one based on reason. It is not mere possible
doubt, but is such a doubt as would govern or control a person in the
more weighty affairs of life. If the minds of the jurors, after the entire
comparison and consideration of all the evidence, are in such a condition
that they can say they feel an abiding conviction of the truth of the
charge, there is not a reasonable doubt. Doubt to be reasonable must be
actual and substantial, not mere possibility or speculation.

(2) No other definition of reasonable doubt shall be given by the court
to juries in criminal actions in this state. (Emphasis supplied.)

In the instant case, the additional jury instruction read:

> It is not necessary that the defendant's guilt should be established beyond any doubt or to an absolute certainty, but instead thereof that the defendant's guilt must be established beyond a reasonable doubt as hereinafter defined.

In Tucker v. State, 92 Nev. 486, 553 P.2d 951 (1976), this Court stated:

> [w]hile we disapprove this practice, because we believe the reasonable doubt statute speaks for itself, this court has previously permitted such additional instructions that merely clarify the statutory instruction. . . . Here, we do not believe this district court's attempted clarification could have misled the jury concerning its duties in this case.

Id. at 490, 553 P.2d at 953-54. *In accord,* Jackson v. State, 93 Nev. 28, 572 P.2d 927 (1977).

As in *Tucker* and *Jackson, supra,* we reiterate our disapproval of the lower courts' giving of the additional instruction. However, in doing so, it did not commit prejudicial error.

The judgment is affirmed.