JOSEPH LEWIS McCULLOUGH, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 13838

February 10, 1983                              657 P.2d 1157

*Thomas E. Perkins,* State Public Defender, *Annabelle Whiting Hall,* Deputy Public Defender, Carson City, for Appellant.

---

*Brian McKay,* Attorney General, *Dan R. Reaser,* Deputy Attorney General, Carson City; *Virginia R. Shane,* District Attorney, *Jack T. Bullock, II,* Deputy District Attorney, Humboldt County, for Respondent.

## OPINION

*Per Curiam:*

A jury found appellant Joseph Lewis McCullough guilty of possession of a controlled substance and possession of stolen property. Among other contentions, McCullough argues on appeal that the jury was prejudicially misinformed regarding the concept of reasonable doubt, because the district judge made several attempts to quantify reasonable doubt during the voir dire examination of the jurors and also delivered an improper jury instruction on the subject. A review of the authorities and the record leads us to agree with appellant, and we therefore reverse.

## THE FACTS

McCullough was charged with possession of a controlled substance (marijuana) and possession of stolen property (a 1974 Chevrolet "Luv" pickup truck).

During the voir dire examination of the jurors during trial, the district judge attempted to illustrate the concept of reasonable doubt with a numerical scale. On a scale of zero to ten, the judge placed the preliminary hearing standard of probable

cause at about one, and the burden of persuasion in civil trials at just over five. He then twice described reasonable doubt as about "seven and a half, if you had to put it on a scale." After introducing the jurors to the reasonable doubt standard provided by NRS 175.211, the judge again noted, "I have tried to give you that on a zero to ten scale."

The district judge further embellished the statutory definition of reasonable doubt in his instructions to the jury, stating in instruction number five that "it is not necessary that the defendant's guilt should be established beyond any doubt or to an absolute certainty. . . ." McCullough's trial counsel did not object to the judge's extemporaneous characterizations of reasonable doubt, nor did she object to the above instruction.[1]

## FAILURE TO OBJECT

The general rule is that failure to object to asserted errors at trial will bar review of an issue on appeal. Krueger v. State, 92 Nev. 749, 755, 557 P.2d 717, 721 (1976); Walker v. State, 89 Nev. 568, 516 P.2d 739 (1973); Clark v. State, 89 Nev. 392, 513 P.2d 1224 (1973). However, when constitutional questions are raised on appeal, we have the power to address them. Dias v. State, 95 Nev. 710, 601 P.2d 706 (1979); Hardison v. State, 84 Nev. 125, 437 P.2d 868 (1968). We believe that the issues in this case are of constitutional dimension. See Dunn v. Perrin, 570 F.2d 21, 25 (1st Cir. 1978).

## DEFINING REASONABLE DOUBT

In NRS 175.211, the Legislature has both defined reasonable doubt and mandated that no other definition shall be given to juries in criminal actions in Nevada.[2] Despite our frequent condemnations of the practice, the lower courts of this state have

---

[1]McCullough's counsel on appeal did not represent McCullough in the district court.

[2]NRS 175.211. *Reasonable doubt defined; no other definition to be given to juries.*
1. A reasonable doubt is one based on reason. It is not mere possible doubt, but is such a doubt as would govern or control a person in the more weighty affairs of life. If the minds of the jurors, after the entire comparison and consideration of all the evidence, are in such a condition that they can say they feel an abiding conviction of the truth of the charge, there is not a reasonable doubt. Doubt to be reasonable must be actual and substantial, not mere possibility or speculation.
2. No other definition of reasonable doubt shall be given by the court to juries in criminal actions in this state.

persisted in adding to the statutory reasonable doubt defini-
tion. *See, e.g.,* Page v. State, 94 Nev. 386, 580 P.2d 477 (1978);
Jackson v. State, 93 Nev. 677, 572 P.2d 927 (1977); Tucker v.
State, 92 Nev. 486, 553 P.2d 951 (1976). Instruction number
five in this case is identical to the supplemental instruction
disapproved in *Page* and *Jackson,* where we held that, standing
alone, the instruction was not reversible error.[3] We now hold
that the disapproved instruction is reversible error when
coupled with *any* other attempt to supplement, change, or clar-
ify the statutory reasonable doubt definition.

In the instant case, the district judge tried to edify the jury by
placing the reasonable doubt concept on a numerical scale.
While an attempt by the trial court to clarify the meaning of
reasonable doubt is not by itself reversible error, *see* Page v.
State and Jackson v. State, *supra,* the question on appeal is
whether the court's statements correctly conveyed the concept
of reasonable doubt to the jury. Holland v. United States, 348
U.S. 121, 140 (1954); State v. Olivera, 555 P.2d 1199 (Hawaii
1976).

The U.S. Supreme Court has stated that the reasonable
doubt instruction should impress on the jury the need to reach
a "subjective state of near certitude" on the facts in issue.
Jackson v. Virginia, 443 U.S. 307, 315 (1979). *See* In re Win-
ship, 397 U.S. 358, 364 (1970). For example, where a trial court
had punctuated the statutory reasonable doubt definition with
statements to the effect that the state was not required to estab-
lish guilt "beyond all doubt," to an "absolute positive cer-
tainty," to a "mathematical certainty," or to a "scientific
certainty," the judgment was reversed on the grounds that the
instruction impermissibly favored the prosecution. State v.
Aubert, 421 A.2d 124 (N.H. 1980).

The concept of reasonable doubt is inherently qualitative.
Any attempt to quantify it may impermissibly lower the prose-
cution's burden of proof, and is likely to confuse rather than
clarify. *See* Dunn v. Perrin, 570 F.2d 21, 23 (1st Cir. 1978). As
one Second Circuit panel noted, "[t]he heart of [the reasonable
doubt charge] was appropriate enough, but the somewhat con-
fusing parable of the father and a bundle of twigs and the
apparent characterization of the standard as quantitative

---

[3]Instruction Number Five stated as follows:

It is not necessary that the defendant's guilt should be established
beyond any doubt or to an absolute certainty, but instead thereof
that the defendant's guilt must be established beyond a reasonable
doubt as hereinafter defined.

rather than qualitative both might better have been omitted.''
United States v. Anglada, 524 F.2d 296, 300 (2d Cir. 1975).

In this case the district court may have led the jury to believe
that the prosecution satisfied the burden established by *In re
Winship* if the proof reached a score of 7.5 on a scale of zero to
ten. Alternatively, the jury may improperly have concluded
that anything more than a 75 percent chance of each fact being
true was constitutionally sufficient to find McCullough guilty as
charged. The judge's numerical description of reasonable
doubt, particularly because it was coupled with a reasonable
doubt instruction that deviated from the command of NRS
175.211, constituted prejudicial error. In light of our treatment
of this issue, we need not discuss appellant's other contentions.
Reversed and remanded for a new trial.