NORMAN ANDREW COLLINS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 24709

January 25, 1995 888 P.2d 926

*Morgan D. Harris,* Public Defender, *Gary H. Lieberman,* Deputy Public Defender, *George E. Franzen,* Deputy Public Defender, Clark County, for Appellant.

---

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, *Jennifer Togliatti,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Norman Collins (Collins) was convicted by a jury of ten counts of sexual assault with a deadly weapon and one count of first degree kidnapping with a deadly weapon. We reverse Collins' convictions.

During voir dire the district court stated that reasonable doubt is "a little stronger than preponderance of the evidence" and "almost equal to clear and convincing." NRS 175.211 defines reasonable doubt and provides that no other definition may be given to juries.

This court has repeatedly admonished district courts to refrain from elaborating on the statutory definition of reasonable doubt

(*see, e.g.,* Petrocelli v. State, 101 Nev. 46, 692 P.2d 503 (1985); Milligan v. State, 101 Nev. 627, 708 P.2d 289 (1985); McCullough v. State, 99 Nev. 72, 657 P.2d 1157 (1983)); however, an attempt by the trial court to clarify the meaning of reasonable doubt is not by itself reversible error. *McCullough,* 99 Nev. at 75, 657 P.2d at 1158. In cases where the trial court embellishes the definition of reasonable doubt, the issue is "whether the court's statements correctly conveyed the concept of reasonable doubt to the jury." *Id.* In the present case there is no question that the district court's statement did not correctly convey the concept of reasonable doubt. This court has defined the concept of reasonable doubt as a "subjective state of near certitude." *Id.* (citing Jackson v. Virginia, 443 U.S. 315 (1979)). The district court's comparison of the reasonable doubt standard to the preponderance of the evidence standard, or even the clear and convincing standard, does not come close to conveying this degree of certainty.

Defense counsel objected to the district court's erroneous description of reasonable doubt, but the trial court, apparently convinced that its statement of the law was correct, did not issue a curative instruction. In addition, the district court refused to allow defense counsel, in an attempt to dispel any confusion that the district court's characterization of the different standards may have caused, to argue that proof beyond a reasonable doubt is a higher standard than clear and convincing evidence. Thus, although the district court gave the reasonable doubt instruction required by NRS 175.211(2) at the conclusion of the trial without any elaboration, it appears that the jury heard evidence throughout the entire trial under the mistaken impression that proof beyond a reasonable doubt is only "a little stronger than preponderance of the evidence" and "almost equal to clear and convincing." Given these facts, we are unable to say that the district court's statement did not create "an advantage to the State [or] prejudice to [Collins]." *See* Petrocelli v. State, 101 Nev. 46, 50, 692 P.2d 503, 507 (1985). Accordingly, we reverse Collins' convictions and remand this matter for a new trial.[1]

---

[1]Collins' sentence was enhanced pursuant to NRS 193.165, Nevada's "deadly weapon penalty-enhancement" statute, because he allegedly used an "exacto" knife in the commission of the crimes at issue. Although we need not address Collins' remaining assignments of error in this appeal given our disposition of the case, we note that, as a matter of law, under our holdings in Zgombic v. State, 106 Nev. 571, 798 P.2d 548 (1990), and Hutchins v. State, 110 Nev. 103, 867 P.2d 1136 (1994), an exacto knife is not an inherently dangerous weapon. An exacto knife, when "used in the manner contemplated by its design and construction," does not cause serious bodily harm or

---

death, nor is it designed for that purpose. *Zgombic,* 106 Nev. at 576, 798
P.2d at 551. Accordingly, it was error for the district court to enhance
Collins' sentence pursuant to NRS 193.165.