# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD CARTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78560

FILED

JUL 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of nine counts of sexual assault of a minor under 14 years of age, five counts of incest, three counts of lewdness with a child under the age of 14, attempted sexual assault of a minor under 14 years of age, and open and gross lewdness. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

First, appellant Richard Carter claims the district court improperly quantified the reasonable doubt standard and lowered the State's burden of proof. We agree. But because we conclude this error was harmless, Carter is not entitled to relief on this claim. NRS 175.211(1) provides the statutory definition of reasonable doubt, and "[n]o other definition . . . may be given," NRS 175.211(2). This court has "consistently deemed incorrect explanations of reasonable doubt to be harmless error as long as the jury instruction correctly defined reasonable doubt." *Randolph v. State*, 117 Nev. 970, 981, 36 P.3d 424, 431 (2001). Here, during voir dire, the district court defined reasonable doubt as "not 100 percent." The district court's comment failed to properly convey the concept of reasonable doubt. *See Collins v. State*, 111 Nev. 56, 58, 888 P.2d, 926, 927 (1995) (defining "reasonable doubt as a subjective state of near certitude" (internal quotations omitted). Shortly after making the improper comment, the

20-24362

district court informed the prospective jurors that it would instruct them further on the reasonable doubt standard. Additionally, once the jury was sworn in, the district court explicitly told the jury that it would instruct them on the law after all evidence in the case had been presented. Finally, the jury instructions correctly provided the statutory definition of reasonable doubt. Based on the foregoing, we conclude the district court's error was harmless.

Second, Carter asserts the district court abused its discretion by admitting the victim's bloodstained panties without proper authentication. We disagree. Before the district court may admit evidence, the party must authenticate the item by introducing "evidence or other showing sufficient to support a finding that the matter in question is what its proponent claims." NRS 52.015(1). Here, the victim identified the panties during her testimony before the State moved to admit them. *See Franko v. State*, 94 Nev. 610, 613, 584 P.2d 678, 679 (1978) ("A proper foundation may be established . . . through identification by an appropriate witness."). Carter fails to demonstrate the victim lacked personal knowledge that the panties were in fact the same pair that she hid as a child after Carter raped her. *See* NRS 52.025 ("The testimony of a witness is sufficient for authentication or identification if the witness has personal knowledge that a matter is what it is claimed to be."). Because the State properly authenticated the panties, we conclude the district court did not abuse its discretion by admitting them.[1] *Franks v. State*, 135 Nev. 1, 3, 432

---

[1]Carter also challenges the admission of the panties on chain-of-custody grounds. We conclude this argument lacks merit as the State properly authenticated the panties through the victim's testimony. We note that a chain-of-custody analysis is not applicable to the facts of this case.

P.3d 752, 754-55 (2019) (explaining this court reviews the admission of evidence for an abuse of discretion).

Third, Carter asserts the district court abused its discretion by admitting into evidence his mugshot and testimony that he was incarcerated in Indiana because this evidence was irrelevant and unduly prejudicial. Moreover, Carter contends this evidence impinged on his presumption of innocence, thereby violating his Sixth Amendment right to a fair trial.[2] We disagree. The State provided the district court with sufficient grounds for admitting the mugshot and incarceration testimony as it was relevant to the State's argument that Carter fled, changing his appearance in the interim. Additionally, the jury was aware that Carter was incarcerated in Indiana solely on his Nevada charges for the underlying case and his mug shot was the result of his arrest on these charges. *See Browning v. State*, 120 Nev. 347, 358, 91 P.3d 39, 47 (2004) (providing that a defendant's mugshot "had no appreciable prejudicial effect since jurors had no reason to assume that it had been taken in any other case but the one for which [the defendant] was being tried"). Thus, we conclude the district court did not abuse its discretion by admitting the mugshot and

Nevertheless, even if it was, any gap in the chain of custody, or any doubt about tampering or substitution, "goes to the weight of the evidence," not its admissibility. *Sorce v. State*, 88 Nev. 350, 352-53, 497 P.2d 902, 903 (1972). Further, because the panties were authenticated through the victim's testimony, to the extent Carter argues admission of the panties was unduly prejudicial because there was sufficient chain-of-custody evidence, this argument fails.

[2]Although Carter presents this argument as an issue of prosecutorial misconduct, his argument actually challenges an evidentiary ruling.

testimony into evidence. We further conclude this evidence did not impinge upon Carter's presumption of innocence.

Further, Carter argues a detective's testimony regarding the actions another detective took during the investigation violated the Confrontation Clause. We disagree. Based on our review of the record, to the extent that the investigating detective's conduct can be considered statements, such statements were not testimonial in nature, and thus, did not implicate the Confrontation Clause. *See Vega v. State*, 126 Nev. 332, 339, 236 P.3d 632, 637 (2010) (explaining that a statement is testimonial in nature "if it would lead an objective witness to reasonably believe that the statement would be available for use at a later trial" (internal quotations omitted)). Moreover, to the extent that Carter objects to the testimony as hearsay, because Carter failed to object at trial, we review for plain error affecting his substantial rights. *Burnside v. State*, 131 Nev. 371, 403, 352 P.3d 627, 649 (2015). Carter fails to demonstrate prejudice or a miscarriage of justice. *See Flowers v. State*, 136 Nev. 1, 8, 456 P.3d 1037, 1045 (2020) ("A plain error does not affect a defendant's substantial rights unless it causes actual prejudice or a miscarriage of justice." (internal quotations omitted)). Accordingly, Carter's challenge fails under plain-error review.

Finally, Carter claims the district court abused its discretion in sentencing him because it failed to "articulate findings in support of the sentence it imposed." Although Carter acknowledges that a sentencing court does not need to articulate its reason for imposing a sentence, *see Campbell v. Eighth Judicial Dist. Court*, 114 Nev. 410, 414, 957 P.2d 1141, 1143 (1998), he argues that *Campbell* is inconsistent with our decision in *Mendoza-Lobos v. State*, 125 Nev. 634, 218 P.3d 501 (2009). We disagree.

Thus, we conclude the district court did not abuse its discretion by not articulating its reasons for Carter's sentence on the record.[3]

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. William D. Kephart, District Judge
       Special Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[3]Carter also claims (1) the district court improperly removed a juror for cause, (2) the State committed multiple instances of prosecutorial misconduct, (3) the district court improperly limited voir dire, (4) his sentence violates the Eighth Amendment, and (5) cumulative error warrants reversal of his conviction. We have carefully reviewed these contentions and conclude that they are without merit.